UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW MCCLAIN, | ) |
|        Plaintiff, | ) |
| v. | )    21 C 5355 |
| COSTCO WHOLESALE CORPORATION, | )    Judge Charles P. Kocoras |
|        Defendant. | ) |

## ORDER

Before the Court is Defendant Costco Wholesale Corporation's ("Costco") Motion to Dismiss Counts III and IV of Plaintiff Andrew McClain's Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the Motion.

## STATEMENT

For the purposes of this Motion, the Court accepts as true the following facts from the Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). All reasonable inferences are drawn in McClain's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

McClain, a Black man, began working at Costco's Bolingbrook, Illinois location as a Sales Associate in May 2019. Throughout his time at the Bolingbrook location, McClain was allegedly subjected to discrimination and a hostile work environment because of his race. For example, one coworker repeatedly called McClain racial slurs and accused

McClain of stealing because of his belief in a stereotype that Black people steal. McClain reported this incident, as well as several others, to Costco. However, McClain says he was never interviewed by management or Costco's human resources department. McClain ended up voluntarily transferring to a new Costco location.

Based on these facts, McClain claims: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Count I); (2) a hostile work environment (Count II); (3) breach of the fiduciary duty to investigate harassment (Count III); (4) intentional infliction of emotional distress ("IIED") (Count IV); (5) racial discrimination in violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101, *et seq.* (Count V). Costco now moves to dismiss Counts III and IV under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not supply detailed factual allegations, but it must supply enough factual support to raise its right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow. . . the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the. . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Costco argues McClain's breach of fiduciary duty and IIED claims are preempted by the IHRA. The IHRA preempts some torts related to civil rights violations. *See Richards v. U.S. Steel*, 869 F.3d 557, 564 (7th Cir. 2017); *see also Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006). To determine whether a claim is preempted, "the concrete question to ask is whether the plaintiff states a valid common-law claim without needing to rely on the rights and duties created by the" IHRA. *Richards*, 869 F.3d at 564 (citing *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 519 (1997)). The Seventh Circuit has emphasized that the preemption test "rest[s] on an examination of legal duties, not on the factual" overlap between claims. *Id.*; *Naeem*, 444 F.3d at 603 n.4.

Here, both McClain's breach of fiduciary duty claim and IIED claim are preempted by the IHRA. First, the breach of fiduciary duty claim is premised on an "affirmative duty to investigate Plaintiff's complaints" of racial harassment. Dkt. # 1, ¶ 62. But under Illinois law, "[a]n employer does not owe an employee a fiduciary duty simply because they have entered into an employer/employee relationship together." *Patel v. Boghra*,

3

2008 WL 2477695, at *6 (N.D. Ill. 2008) (Kocoras, J.) (citing *Gross v. Univ. of Chi.*, 14 Ill. App. 3d 326, 339 (1st Dist. 1973)). Indeed, the only duty to investigate and remediate harassment comes from the IHRA. *See* 775 ILCS 5/2-102(A). Thus, McClain's breach of fiduciary duty claim is preempted by the IHRA.

Second, while "discrimination and intentional infliction of emotional distress are different wrongs," an IIED claim will be preempted "when the core of the plaintiff's theory [is] that the plaintiff was a victim of racial harassment." *Naeem*, 444 F.3d at 604 (cleaned up). Here, McClain's IIED claim is entirely premised on Costco's failure to investigate and remediate the harassment and violating "Plaintiff's rights to be free from discrimination based on his race." Dkt. # 1, ¶ 75. Thus, the core of McClain's IIED theory is racial discrimination based on the rights and duties created by the IHRA. *See Naeem*, 444 F.3d at 604; *see also Smith v. City of Chi.*, 165 F.3d 1142, 1151 (7th Cir. 1999). Therefore, McClain's IIED claim is dismissed. *See Hobbs v. Dart*, 2021 WL 1906465, at *7 (N.D. Ill. 2021) (dismissing IIED claim where the "[c]omplaint and briefings make clear that the conduct described is solely predicated on her discrimination claims").

## **CONCLUSION**

For the reasons stated above, the Court grants Costco's Partial Motion to Dismiss (Dkt. # 13). Counts III and IV are dismissed. Telephonic status set for 4/7/2022 at 11:00 a.m. It is so ordered.

Dated: 03/08/2022

*Charles P. Kocoras*
_____
Charles P. Kocoras
United States District Judge